United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10142
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWN DOUGLAS CROPP,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-6-1-Y
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Shawn Douglas Cropp was charged in a two-count indictment for being a felon in possession of firearms.  See 18 U.S.C. § 922(g)(1).  He was tried before a jury and convicted.  Cropp has appealed, contending that the evidence did not prove that he knowingly possessed a firearm.

Cropp was arrested after guns were found during the traffic stop of a vehicle in which Cropp was a passenger.  A reasonable

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

juror could have concluded from Cropp's proximity to the weapons which were in plain view, the number of weapons found in the vehicle, Cropp's furtive movements, and the concealment of a pistol in the crack of the seat underneath Cropp, that Cropp had dominion or control over the weapons.  See United States v. Ybarra, 70 F.3d 362, 365 (5th Cir. 1995); see also United States v. Smith, 930 F.2d 1081, 1085-86 (5th Cir. 1991).  The judgment of conviction is affirmed.

Although Cropp has not raised the issue and has not filed a reply brief, the Government states correctly that the district court plainly-erred in imposing consecutive terms of supervised release.  See United States v. Myers, 104 F.3d 76, 81 (5th Cir. 1997); 18 U.S.C. § 3624(e); U.S.S.G. § 5G1.2, comment. (n.2).  We vacate the sentence and remand the case to the district court for resentencing.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.